IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Arion Dinkins, #22685-058,<br><br>Petitioner,<br><br>v.<br><br>Linda Thomas, Warden,<br><br>Respondent. | Civil Action No. 8:15-490-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 16) recommending that this Court re-characterize the Petition as a 28 U.S.C. § 2255 habeas action and transfer the case to the sentencing court, the United States District Court for the Western District of North Carolina. The Court hereby **ADOPTS** the R&R in whole.

Petitioner is a prisoner incarcerated at FCI-Edgefield in Edgefield, South Carolina. He filed this petition pursuant to 28 U.S.C. § 2241, submitting that changes in the law since his sentencing have eliminated his sentence enhancement based on predicate offenses. (Dkt. No. 1). As the R&R found, a § 2241 habeas petition is appropriate where a petitioner attacks the execution of a sentence, and a § 2255 motion attacks the legality of the detention itself. Where a petitioner was sentenced in federal court, a § 2255 claim should be brought in the sentencing court. *E.g., Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Petitioner objects to his petition being re-characterized as a § 2255 habeas action because he believes that the statute of limitations has already expired and a § 2255 habeas action would be untimely. (Dkt. No. 20 at 2). The timing of Petitioner's action, however, cannot change the Court's duty to consider his petition under the appropriate provision of the law as designated by

Congress. Nevertheless, the Court does direct Petitioner's attention to Footnote Four of the R&R. As the Magistrate Judge has stated, "The sentencing court [ the District Court for the Western District of North Carolina] may ultimately determine that Petitioner's § 2255 action is time-barred; however, the government may waive the statute of limitations or Petitioner may be able to establish that § 2255(f)(2)-(4) [establishing certain exceptions to the one year statute of limitations] applies. *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) (where a Petitioner filed his § 2255 Petition four years after his conviction, pursuant to Simmons because he did not have a qualifying predicate conviction, the government waived the statute of limitations)." (Dkt. No. 16 at 6).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo* determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the R&R, the full administrative record in this matter, the relevant legal authorities, and Plaintiff's objections to the R&R and finds that the Magistrate Judge carefully and correctly analyzed the relevant issues. It hereby ADOPTS the R&R as the order of the Court and directs the Clerk to re-characterize the above-caption case as a habeas petition pursuant to 28 U.S.C. § 2255 and transfer it to the United States District Court for the Western District of North Carolina (Charlotte).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 22, 2015
Charleston, South Carolina