IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No. 3:15-CV-179-MR
Criminal Case No. 3:08-CR-254-MR-1

| | |
|---|---|
| BOBBY ARION DINKINS,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>Respondent.  )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2255 motion docketed in this District on February 5, 2015. [CV Doc. 1].[1] On June 25, 2015, and again on July 28, 2015, Petitioner moved to amend his motion to include additional documentation. [CV Docs. 26 and 27]. The Court will allow Petitioner's motions to amend. For the reasons that follow, however, Petitioner's habeas motion, as supplemented, will be dismissed.

## BACKGROUND

On December 16, 2008, Petitioner was named in a three-count indictment. [CR Doc. 1]. The Grand Jury charged the Petitioner as follows:

---

[1] Because this Memorandum and Order must reference documents contained on the docket in both Petitioner's civil case and in his criminal case, the Court will cite to documents from Petitioner's civil case with the prefix "CV" and from his criminal case with the prefix "CR."

in Count One, committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; in Count Two, possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and, in Count Three, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). [Id.]. With the assistance of counsel, Petitioner executed a written plea agreement in which he agreed to plead guilty to Counts One and Three in exchange for, inter alia, the Government's agreement to dismiss Count Two. [CR Doc. 13]. Petitioner entered his guilty plea in accordance with his plea agreement on March 30, 2009, before Magistrate Judge David Keesler. [CR Doc. 14].

Following Petitioner's plea hearing, the Probation Office prepared a Presentence Report (PSR) for the Court. [CR Doc. 18]. The Petitioner's PSR indicated that Petitioner satisfied the requirements of the Career Offender enhancement under U.S.S.G. § 4B1.1, and the Armed Career Criminal enhancement under 18 U.S.C. § 924(e). [Id. at ¶¶ 34; 35]. While Petitioner met the qualifications for these two enhancement provisions, the Probation Office used the underlying facts of Petitioner's offenses of conviction to establish his ultimate advisory Guidelines range. [Id. at 8-9]. In other words, Petitioner's recommended Guidelines range calculated independently from the Career Offender and the Armed Career Criminal provisions exceeded the ranges otherwise prescribed by either of those two

enhancements. Thus, his ACC and CO designations were of no consequence in calculating his Guideline Range or fashioning his sentence. More particularly, the Petitioner's PSR set forth a characteristic Guidelines sentence computation using the underlying facts of this matter which, after the Court sustained Petitioner's objection to the obstruction of justice enhancement, resulted in an Adjusted Offense Level of 36. Such Adjusted Offense Level of 36 exceeded the applicable Career Offender Adjusted Offense Level of 32 and exceeded the applicable Armed Career Criminal Adjusted Offense Level of 34.[2] After the Court reduced Petitioner's Adjusted Offense Level by 3 levels based upon Petitioner's acceptance of responsibility, the Court established the Petitioner's final Guidelines range to be 235 to 293 months. [CR Doc. 40 at 59]. The Court sentenced Petitioner to a term of imprisonment of 240 months on Count One and a concurrent

---

[2] In looking at Petitioner's three potential sentence calculations in isolation and prior to a 3-level reduction for acceptance of responsibility, his recommended Guidelines range determined in accordance with the facts of his underlying offenses (without including either the Career Offender or Armed Career Criminal enhancement) resulted in an Adjusted Offense Level of 36 and Criminal History Category of V yielding a range of 292 to 365 months. In contrast, Petitioner's recommended Guidelines range determined in accordance with the Career Offender enhancement alone would have resulted in an Adjusted Offense Level of 32 and Criminal History Category of VI yielding a range of 210 to 262 months, *less* than his unenhanced sentence calculation. U.S.S.G. § 4B1.1(b)(3). Petitioner's recommended Guidelines range determined in accordance with the Armed Career Criminal enhancement alone would have resulted in an Adjusted Offense Level of 34 and Criminal History Category of VI yielding a range of 262 to 327 months, also *less* than his unenhanced sentence calculation. U.S.S.G. §§ 4B1.4(b)(3)(A) & (c)(2).

term of 252 months on Count Three. [CR Doc. 24]. Petitioner did not appeal from the Court's Judgment entered on April 28, 2010.

On or about January 26, 2015, while incarcerated at the Bureau of Prisons' facility at FCI-Edgefield, South Carolina, Petitioner filed a habeas motion pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. [CV Docs. 1 to 1-4]. In that motion, Petitioner raised three arguments: (1) the Government breached the plea agreement by failing to argue for a lower sentence; (2) the Court improperly participated in the plea negotiations; and, (3) the Court improperly designated Petitioner as an Armed Career Criminal. [CV Doc. 1]. In the District of South Carolina, Petitioner's matter was initially assigned to Magistrate Judge Jacquelyn D. Austin for review and to make recommendations to the district court.

Magistrate Judge Austin issued a Report and Recommendation ("R&R") concerning Petitioner's § 2241 motion suggesting first that the district court re-characterized Petitioner's motion as one made under 28 U.S.C. § 2255, and second, that the district court then transfer the matter back to this Court for final disposition. [CV Doc. 16]. Petitioner timely objected to that portion of the R&R which recommended the re-characterization and transfer of his motion. [CV Doc. 20 at 1-2]. Petitioner also noted that his claims would likely be untimely under § 2255 and thus it

4

was proper for the South Carolina court to consider his arguments pursuant to § 2241. [Id. at 1-2]. The South Carolina District Court overruled Petitioner's objections, adopted the recommendations of the Magistrate Judge, and ordered its Clerk to re-characterize the motion as one made under § 2255 and transfer the case to this District. [CV Doc. 22].

Upon transfer to this District, Petitioner filed a motion to amend his motion in order to supplement the record and raise a fourth claim. [CV Doc. 26]. In particular, Petitioner attached a copy of a verdict sheet, dated February 17, 1993, from the Mecklenburg County, North Carolina, Superior Court, criminal case file number 92-CRS-68780. [Id.]. This verdict sheet purports to show that Petitioner's North Carolina drug conviction in case number 92-CRS-68780, referenced in paragraph 42 of Petitioner's PSR [CR Doc. 18 at 11], was for the state crime of mere Possession of Cocaine and not the state crime of Possession with the Intent to Sell and Deliver Cocaine. [CV Doc. 26 at 5]. On July 28, 2015, Petitioner filed a second motion to amend his 2255 Motion. [CV Doc. 27]. This second request to amend filed by Petitioner raises the argument under, Johnson v. United States, 135 S. Ct. 2551 (2015), that Petitioner's Armed Career Criminal designation is unwarranted because "the predicates used to enhance [Petitioner] were not valid due to the improper use of imposing an increased sentence under

ACCA's residual clause which has been deemed to be a constitutional violation of due process." [Id. at 3].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

1. Timeliness.

The Court begins by observing, as the Petitioner concedes,[3] that his § 2255 motion is untimely, having been filed some four and one half years after his conviction became final. The Antiterrorism and Effective Death Penalty Act provides a one-year period of limitation that runs from, in Petitioner's circumstances, the date on which the judgment of conviction became final.

---

[3] In his objection to the R&R, Petitioner argued that his § 2241 petition should not be re-characterized as a § 2255 motion because it was filed more than "four or five years past my 1 year window to file my 28 U.S.C. 2255." [CV Doc. 20 at 2]. Based on Petitioner's obvious understanding of the time limitation set forth in § 2255(f)(1), the Court is satisfied that no warning need issue regarding *sua sponte* dismissal. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

6

28 U.S.C. § 2255(f)(1). Petitioner's criminal judgment was filed on April 28, 2010, and his judgment became "final" for habeas purposes fourteen days later on May 12, 2010, when the period for him to file a notice of appeal expired. Accordingly, Petitioner was required to file his § 2255 motion by May 12, 2011, for it to have been timely. Having failed to file his § 2255 motion within the one-year post judgment period mandated by § 2255(f)(1), Petitioner's § 2255 motion will be denied as untimely.

The Court is cognizant of the fact that the Government could waive the statute of limitations defense if it so chose. Even if the Government were to waive the statute of limitations in this matter, however, it would be of no consequence, because petitioner fails to present a cognizable claim regardless of whether it is timely presented. These claims are discussed below.

2. Petitioner's First Two Claims.

Petitioner's first and second claims, (1) that the Government breached the plea agreement by failing to argue for a lower sentence, and (2) that the Court improperly participated in the plea negotiations, were not raised on direct appeal and are procedurally defaulted. Petitioner might respond that his plea agreement contained waiver provisions and thus any effort on his part to appeal these two claims would have been futile. "Habeas review is

7

an extraordinary remedy" and is not a proper substitute for an appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Further, "[t]he Supreme Court has made clear that alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review. … '[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.' " Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc), cert. denied, 2015 WL 1278533 (June 29, 2015), citing Bousley, 523 U.S. at 623. Petitioner, therefore, has not overcome his procedural default on his first two claims.

Even if not procedurally defaulted, Petitioner's claims that the Government breached the plea agreement or that the Court participated in the plea negotiations are simply baseless. As the sentencing transcript discloses, the Government did, in fact, argue for a low-end sentence. "MR. SMITH: Your Honor, it's the government's position that the low end of the guideline range, which is what the government agreed to in the plea agreement, is appropriate and should be the minimum that Mr. Dinkins faces, Your Honor." [CR Doc. 40 at 66-67].

As for Petitioner's claim that the Court improperly partook of plea discussions, his argument misses the mark. The Government and the Petitioner reached an agreement, reduced to writing between themselves,

8

as to which offenses the Petitioner was guilty of committing, as well as what recommendations each side contended the Court should adopt for purposes of sentencing. The Court played no role in that plea bargaining process. The gravamen of Petitioner's argument has nothing to do with the plea bargaining process but is aimed instead at the Court's refusal to adopt the parties' recommendation that Petitioner be sentenced at the low end of his Guidelines range. At sentencing, however, the Court was not bound by any sentencing recommendation reached by the parties' in the plea agreement, as the plea agreement itself disclosed:

> 7. With regard to the United States Sentencing Guidelines, the defendant and the United States, pursuant to Fed. R. Crim P. 11(c)(1)(B), agree that, <u>although not binding on the probation office or the court</u>, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed[.]

[CR Doc. 13 at 2 (emphasis added)]. The Court noted on the record the Government's agreement to recommend a sentence at the low end of Petitioner's Guidelines range but could not honor that recommendation due to the facts surrounding the robbery Petitioner carried out along with his lengthy criminal record.

> With all things considered, I realize that the government entered into a plea agreement to where the government was bound to recommend the low end of the guidelines range and the government dutifully advocated that before this court, but looking

9

at the 3553(a) factors, under these circumstances I cannot follow that recommendation.

Now, it may not be that this is a case that deserves to be at the high end of the guideline range, but something more toward the middle of the guideline range is what I have imposed because I believe that the seriousness of the offense, affording deterrence to criminal conduct, and promoting respect for the law require that that be done in this case.

[CR Doc. 40 at 71-72]. Accordingly, Petitioner's first two claims are without merit.

3. <u>Petitioner's Last Two Claims</u>.

As Petitioner's third and fourth claims, he challenges his Armed Career Criminal and Career Offender designations. As explained more fully above, Petitioner's arguments on these two claims are irrelevant as his status under either enhancement played no role in the calculation of the Guideline Range or the fashioning of the ultimate sentence by the Court. His third and fourth claims, therefore, are without merit.

**CONCLUSION**

Based on the foregoing, the Court finds that the four claims in Petitioner's § 2255 motion, as amended, are untimely and will be dismissed. If Petitioner's four claims were not time barred, however, for the reasons explained herein, all are without merit. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a

Certificate of Appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions to Amend his 28 U.S.C. § 2255 Motion is **GRANTED**. [CV Docs. 26 and 27]

**IT IS FURTHER ORDERED** that Petitioner's 28 U.S.C. § 2255 Motion, as amended, is **DISMISSED as untimely**. [CV Doc. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court **DECLINES** to issue a Certificate of Appealability. The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 5, 2015

Martin Reidinger
United States District Judge

11